UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-179-KSF

RENEE SLONE                                                                                    PLAINTIFF

v.                                              **OPINION & ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                    DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Renee Slone, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for period of disability and disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I.       **FACTUAL AND PROCEDURAL BACKGROUND**

Slone filed her claim for DIB and SSI on November 17, 2005, alleging an onset date of March 15, 2003. (TR 59) After a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on November 26, 2007. (TR 8) Slone subsequently requested review by the Appeals Council, which declined Slone's request for review on August 8, 2008. (TR 3) Slone has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

1

At the time the ALJ rendered his decision, Slone was 42 years old.  (TR 18)   Slone has a high school education and past relevant work as a retail sales clerk.  (TR 18)  Slone claims that she is unable to work because she suffers from chronic heel, leg and back pain and hypertension and problems with her nerves.  In support of her application for benefits, Slone points generally to the medical records from her treating physician, Dr. Don Chaffin, as evidence that she is disabled and unable to return to work.

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow.  20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997).  The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2)     If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3)     If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4)     If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5)     Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.*   The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987).  If the ALJ reaches the fifth

2

step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work.  If not, she would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

In this matter, the ALJ first noted that Slone meets the insured status requirements of the Social Security Act and thus is eligible to apply for benefits.  (TR 13)  Then, the ALJ began his analysis at step one by determining that Slone has not engaged in substantial gainful activity since the alleged onset date.   (TR 13)  At step two, the ALJ found that Slone suffers from the severe impairments of pain in her back, legs and feet.  (TR 13)  Continuing on to the third step, the ALJ determined that these impairments or combination of impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments.  (TR 15)

At the fifth and final step, the ALJ found that Slone has the residual functional capacity ("RFC") to perform the exertional and nonexertional demands of light work not requiring climbing of ropes/ladders/scaffolds and avoiding hazards such as machinery and heights.  She has a good ability to understand, retain and follow simple instructions; sustain attention to perform simple, repetitive tasks and work with others including supervisors and fair ability to tolerate stress and pressure of the situation.  (TR 15)  An RFC is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability.  20 C.F.R. § 404.1545(a)(1), 416.945(a)(1).

Based on this RFC, the ALJ found that Slone is unable to return to her past relevant work as a sales clerk. (TR 18)  Considering the testimony of the Vocational Expert ("VE"), the ALJ found that Slone is capable of making a vocational adjustment to other work.  The ALJ noted that under the Medical-Vocational Guidelines, if Slone were capable of performing a full range of light work, a finding of not disabled would be mandated.  However, because her ability to perform a full range of light work is limited by some exertional limitations, the ALJ relied on the VE's testimony that given Slone's age, education, past relevant work experience and RFC, Slone maintains the capacity for limited light work that exists in a significant number in the economy. (TR 18–19)  Consequently, the ALJ determined that Slone was not disabled within the meaning of the Social Security Act.  (TR 19)

The ALJ's decision that Slone is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied her request for review.  Slone has exhausted her administrative remedies and filed a timely action in this Court.  This case is now ripe for review under 42 U.S.C. § 405(g).

## II.     GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence.  *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987).  Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g).  Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).  "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## III.    ANALYSIS

On appeal, Slone argues that the ALJ's determination was not based on substantial evidence or decided by the proper legal standards. Specifically, Slone argues that the ALJ failed to accord appropriate weight to the disabling opinion set forth in the Medical Source Statement completed by her treating doctor, Dr. Don Chaffin. For the reasons set forth below, the Court rejects Slone's argument and concludes that the ALJ's decision was based on substantial evidence and decided by the proper legal standards.

It is well established that the findings and opinions of treating physicians are entitled to substantial weight. "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Comissioner of Social Security*, 127 F.3d 525, 530-31 (6th Cir. 1997); *see also Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)("The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference"). Likewise, a treating physician's opinion is entitled to weight substantially greater than that of a non-examining medical advisor. *Harris*, 756 F.2d at 435. If a treating physician's "opinion on the issue(s) of the nature and

5

severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," the opinion is entitled to controlling weight. 20 C.F.R. § 404.1527(d)(2); *see also Walters*, 127 F.3d at 530.

The Social Security regulations recognize the importance of longevity of treatment, providing that treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. . . ." 20 C.F.R. § 404.1527(d)(2). Thus, when weighing the various opinions and medical evidence, the ALJ must consider other pertinent factors, such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). In terms of a physician's area of specialization, the ALJ must generally give "more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(d)(5).

In the Sixth Circuit, however, a treating source opinion should be given controlling weight only when it is well-supported by clinical and laboratory findings, and is consistent with other evidence of record. *Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984); *Crouch v. Secretary of Health and Human Services*, 909 F.2d 852, 856 (6th Cir. 1990); *see also*, 20 C.F.R. §§ 416.927(b), (d)(2), (3)-(4). The Commissioner is not bound by a mere conclusory

statement of a treating physician, particularly where it is unsupported by detailed, objective criteria and documentation. *See Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). In other words, the supportability of a treating physician's opinion depends on the degree to which the source presents relevant evidence to support the opinion, and in particular, support the opinion with medical signs and laboratory findings. 20 C.F.R. §§ 416.927(a), (d)(3). "It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, *2 (1996).

In *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004), the Sixth Circuit held that if an ALJ declines to accord controlling weight to a treating physician opinion, the ALJ must give good, specific reasons for the weight accorded the opinion. *Id*. at 544. This is essentially a procedural safeguard, ensuring that a claimant understands the disposition of this case, and that the ALJ applied the treating physician rule so as to provide meaningful judicial review of that application. *Id*. at 544-45.

Slone argues that the ALJ erred by rejecting the opinion of Dr. Chaffin and by not explicitly citing to the Medical Source Statement that Dr. Chaffin completed. Dr. Chaffin submitted a Medical Source Statement noting that Slone could occasionally lift or frequently lift and/or carry ten pounds and could only sit/stand two hours in an eight-hour workday. He noted that her ability to push/pull was affected by her condition and that she could never climb ropes/ladders/scaffolds, balance, crouch, craw or stoop and only occasionally kneel. Slone, however, points to no other medical records or objective medical findings which support these opinions. The great weight afforded to

treating physicians is predicated on a treating source opinion being well-supported by detailed objective medical documentation. *See* 20 C.F.R. § 404.1527(d)(2); *Cohen v. Sec'y of Health and Human* Serv., 964 F.2d 524, 528 (6th Cir. 1992). Dr. Chaffin did not note any objective medical findings to support these conclusions and Slone did not submit any treatment notes or test results supporting Dr. Chaffin's findings in the Medical Source Statement. Slone is critical of the ALJ's decision because it does not explicitly cite to the Medical Source Statement; however, the ALJ discussed Dr. Chaffin's findings throughout his decision and discussed the questions that Slone's counsel asked the VE based on the limitations set forth by Dr. Chaffin in the Medical Source Statement. The ALJ then found that "nothing in the record" supported those limitations. Further, Dr. Chaffin's findings in the Medical Source Statement contradict treatment records from Foot and Ankle Associates. A prescription pad note from Foot and Ankle Associates dated late April releases Slone to work with specific limitations which differ from the limitations in Dr. Chaffin's Medical Source Statement.

Moreover, the conclusory opinion of Dr. Chaffin are inconsistent with the opinions of the consultative examiner, Dr. Jules Barefoot, whom observed Slone in July 2006. Dr. Barefoot found that Slone's ability to do significant strenuous work-related activity involving repetitive bending, squatting, crawling and climbing was impaired, however, she was able to ambulate without the use of assistance device and to manipulate objects. The ALJ found that the State Agency's determinations were supported by medical evidence of record and adopted those limitations.

Finally, the ALJ found that although Slone's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, . . . [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (TR 17)

8

Specifically, the ALJ considered the records indicating that Slone does not take pain medication and that the treatment notes from Mountain Comprehensive Care indicate that Slone has "no health problems." This is sufficient to support the ALJ's finding that Slone was not entirely credible. *See Mahar v Sec'y of H.H.S.*, 898 F.2d 1106 (6th Cir. 1989) (claimant's use of mild pain medication was inconsistent with allegations of severe pain); *Blacha v. Sec'y of H.H.S.*, 927 F.2d 228, 231 (6th Cir. 1990) (claimant's failure to seek significant medical treatment, reliance on non-prescription pain medication and ability to drive support ALJ's finding that allegations of disabling pain not credible).

Given the lack of detailed objective findings to support Dr. Chaffin's conclusory opinions, the opinions from Dr. Barefoot about Slone's limitations, and the ALJ's determination that Slone was not entirely credible, the ALJ acted within his authority by not giving any special deference to the opinion of the treating physician set forth in the Medical Source Statement. By addressing Dr. Chaffin's opinions throughout the decision and by setting forth good reasons for not according those opinions controlling weight, the ALJ fully complied with the procedural safeguards set out in the regulations and *Wilson*. For these reasons, the ALJ did not err in failing to accord the opinions in the Medical Source Statement completed by Dr. Chaffin controlling weight.

**IV.   CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS**:

(1)     the plaintiff's motion for summary judgment [DE #10] is **DENIED**;

(2)     the Commissioner's motion for summary judgment [DE #11] is **GRANTED**;

(3)     the decision of the Commissioner is **AFFIRMED** pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards; and

(4)     a judgment will be entered contemporaneously with this Opinion and Order.

This 27th day of April, 2009.



**Signed By:**

**_Karl S. Forester_**

**United States Senior Judge**